1
2
3
4
5
6
7

8                    **UNITED STATES DISTRICT COURT**

9                    **EASTERN DISTRICT OF CALIFORNIA**

10

11   GERALD L. TUCKER,                    )   Case No.: 1:15-cv-01664-JLT
                                          )
12              Petitioner,               )   FINDINGS AND RECOMMENDATIONS TO
                                          )   DISMISS PETITION FOR WRIT OF HABEAS
13      v.                                )   CORPUS AS SECOND AND SUCCESSIVE
                                          )
14   DANIEL PARAMO,                       )
                                          )   ORDER DIRECTING THAT OBJECTIONS BE
15              Respondent.               )   FILED WITHIN TWENTY-ONE DAYS
                                          )
16                                        )   ORDER DIRECTING CLERK OF THE COURT TO
                                          )   ASSIGN DISTRICT JUDGE TO CASE
17   _____)

18

19          In the course of conducting a preliminary screening of the petition, it has come to the Court's

20   attention that Petitioner has previously filed numerous federal habeas petitions challenging this same

21   conviction.

22          Indeed, the Court will quote from its Findings and Recommendations dated May 16, 2012, in

23   case no. 1:12-cv-00643:

24          "Petitioner has a long and colorful history in the Eastern District of California.  In 2003, in
            case number 1:03-cv-05594-AWI-TAG, Petitioner first challenged his April 6, 1998 conviction
25          in the Fresno County Superior Court for failure to register as a sex offender and the subsequent
            32-month sentence.  That case was dismissed by the Court because Petitioner's sentence on
26          that 1998 conviction had expired prior to his filing of the federal petition.  Instead, Petitioner
            was by then serving an indeterminate life sentence for a 2002 conviction in Tulare County
27          Superior Court for a 1969 murder while committing rape, which Petitioner challenged in case
            number 1:04-cv-05662-OWW-DLB, and also a consecutive 25-year-to-life sentence for a 2002
28          Tulare County Superior Court conviction for possession of a weapon by an inmate, which

Petitioner challenged in a separate petition in case number 1:04-cv-05773-LJO-TAG.  Both of the latter petitions were denied on the merits and in both cases the Ninth Circuit refused to issue a certificate of appealability and dismissed the appeals."

In this current case, Petitioner indicates that he is challenging, once again, his 1998 conviction for failure to register as a sex offender.  (Doc. 1, p. 1).  In this Court alone, Petitioner has filed petitions challenging this same 1998 conviction on at least two prior occasions: (1) in case no. 1:03-cv-05594-AWI-TAG, and (2) case no. 1:12-cv-00643-LJO-JLT.  The former case was dismissed because Petitioner could not meet the "custody" requirement for federal habeas proceedings.  The latter was dismissed as a successive petition.

## DISCUSSION

A. <u>Preliminary Review of Petition</u>.

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.  The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.  <u>Herbst v. Cook</u>, 260 F.3d 1039 (9th Cir.2001).

B. <u>Successive Petitions</u>. [§ 2254]

A federal court must dismiss a second or successive petition that raises the same grounds as a prior petition.  28 U.S.C. § 2244(b)(1).  The Court must also dismiss a second or successive petition raising a *new ground* unless the petitioner can show that 1) the claim rests on a new, retroactive, constitutional right or 2) the factual basis of the claim was not previously discoverable through due diligence, and these new facts establish by clear and convincing evidence that but for the constitutional error, no reasonable fact-finder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)-(B).

However, it is **not** the district court that decides whether a second or successive petition meets these requirements that allow a petitioner to file a second or successive petition, **but rather the Ninth Circuit**.  Section 2244 (b)(3)(A) provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an

2

order authorizing the district court to consider the application."  In other words, Petitioner must obtain leave from the Ninth Circuit before he can file a second or successive petition in district court.  <u>See</u> <u>Felker v. Turpin</u>, 518 U.S. 651, 656-657 (1996).  This Court must dismiss any second or successive petition unless the Court of Appeals has given Petitioner leave to file the petition because a district court lacks subject-matter jurisdiction over a second or successive petition.  <u>Pratt v. United States</u>, 129 F.3d 54, 57 (1st Cir. 1997); <u>Greenawalt v. Stewart</u>, 105 F.3d 1268, 1277 (9th Cir. 1997), *cert. denied*, 117 S.Ct. 794 (1997); <u>Nunez v. United States</u>, 96 F.3d 990, 991 (7th Cir. 1996).

Because the current petition was filed after April 24, 1996, the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) apply to Petitioner's current petition.  <u>Lindh v. Murphy</u>, 521 U.S. 320, 327 (1997).  Petitioner makes no showing that he has obtained prior leave from the Ninth Circuit to file this successive petition attacking his conviction.  That being so, this Court has no jurisdiction to consider Petitioner's renewed application for relief from that conviction under § 2254 and must dismiss the petition.  <u>See</u> <u>Greenawalt</u>, 105 F.3d at 1277; <u>Nunez</u>, 96 F.3d at 991.  If Petitioner desires to proceed in bringing this petition for writ of habeas corpus, he must first file for leave to do so with the Ninth Circuit.  <u>See</u> 28 U.S.C. § 2244 (b)(3).

## ORDER

For the foregoing reasons, the Clerk of the Court is DIRECTED to assign a United States District judge to this case.

## RECOMMENDATION

Accordingly, the Court RECOMMENDS that the Petition for Writ of Habeas Corpus be **DISMISSED** as a second and successive petition.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  **Within 21 days** after being served with a copy of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the Objections shall be served and filed **within 10 days** (plus three days if served by mail) after service of the Objections.  The

Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   __**November 5, 2015**__                  _____**/s/ Jennifer L. Thurston**
                                                 UNITED STATES MAGISTRATE JUDGE

4